**Sanjeev Kumar PATHAK, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–75063.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.[*]

Filed April 23, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Rai & Associates, PC, Sanjeev Kumar Pathak, Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Sanjeev Kumar Pathak, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Pathak failed to establish extraordinary circumstances to excuse the untimely filing of his asylum application because the underlying facts are disputed. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales,* 479 F.3d 646, 653–54 (9th Cir.2007) (per curiam). Because Pathak did not raise to the BIA his contention that the IJ applied an improper legal standard when assessing the timeliness of his asylum application, it is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

■ Substantial evidence supports the IJ's denial of withholding of removal, because Pathak's experiences in India, considered both individually and cumulatively, do not rise to the level of past persecution. *See Nagoulko,* 333 F.3d at 1016–18 (holding that employment discrimination "is not the type of economic deprivation that rises to the level of persecution"); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (arrest, interrogation, brief detention, and beating did not compel finding of past persecution). Substantial evidence further supports the IJ's conclusion that Pathak failed to establish that it is more likely than not that he will be persecuted if he returns to India. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003).

■ Finally, Pathak's contention that the IJ failed to sufficiently address his CAT claim is unexhausted and we lack jurisdiction to consider it. *See Barron,* 358 F.3d at 677–78. Moreover, substantial evidence supports the denial of CAT relief because Pathak failed to establish that it is more likely than not he will be tortured upon return to India. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.